**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-4273**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

BRUCE ALAN DAVIDSON, JR.,

        Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. John Preston Bailey, Chief District Judge. (2:09-cr-00014-REM-JSK-2)

Submitted: February 24, 2011      Decided: March 18, 2011

Before NIEMEYER, SHEDD, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Deanna L. Pennington, Morgantown, West Virginia, for Appellant. Betsy C. Jividen, United States Attorney, Stephen D. Warner, Assistant United States Attorney, Elkins, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Bruce Alan Davidson pled guilty to conspiracy to possess with intent to distribute more than 50 grams of methamphetamine, 21 U.S.C. § 846 (2006), and was sentenced to a term of 235 months imprisonment. Davidson appeals his sentence, contending that the district court clearly erred by increasing his sentence for obstruction of justice, U.S. Sentencing Guidelines Manual § 3C1.1 (2009), and for an offense that created a substantial risk of harm to human life or the environment, USSG § 2D1.1(b)(10(C)(ii).* He also maintains that the sentence is unreasonable. We affirm.

Davidson participated in a conspiracy that lasted several years, involved a large number of people, and produced a large quantity of methamphetamine. Davidson was initially released on bond after his arrest, but his bond was revoked after he tested positive in a field test for methamphetamine use. At the revocation hearing before a magistrate judge, Davidson testified that he had not used methamphetamine, had not admitted using methamphetamine to the probation officer or a deputy marshal on the day he was tested and the day he was

---

*The government asserts that plain error review applies to Davidson's first two issues. However, Davidson preserved both issues for appeal by objecting to the enhancements in the district court. United States v. Lynn, 592 F.3d 572, 577 (4th Cir. 2010).

returned to custody, and did not check a box indicating that he admitted using methamphetamine on the admission form. The magistrate judge found Davidson's testimony less credible than the probation officer's testimony to the contrary.

Davidson acknowledged when he subsequently entered his guilty plea that he and co-defendant Jeremy Brown both cooked methamphetamine, often at a farm owned by Brown's mother. A few days later, although his plea agreement required him to give truthful testimony, Davidson was called to testify at Brown's trial. Out of the presence of the jury, Davidson denied conspiring with Brown to manufacture methamphetamine, denied ever seeing Brown with methamphetamine or seeing a methamphetamine lab on Brown's property, and denied that he had ever known Brown to use methamphetamine or that anyone obtained it from him.

At the sentencing hearing, Davidson argued that his perjured testimony at the revocation hearing should not be the basis for an obstruction of justice adjustment because his subsequent guilty plea had given him "a clean slate." He also argued that he should not be held responsible for creating a hazard to human life or the environment because he had no control over what happened on Brown's property, where much of the methamphetamine was manufactured. The district court overruled both objections and imposed sentence at the bottom of

3

the advisory sentencing guideline range, finding that Davidson's arguments for a below-guideline sentence so that he could spend time with his children were at odds with his prior conduct and that a within-guideline sentence was necessary to reflect the seriousness of the offense, instill a proper respect for the law, and provide for Davidson's rehabilitation. The 235-month sentence was at the bottom of the guideline range.

On appeal, Davidson argues that the court failed to make adequate findings to support the adjustment for obstruction of justice, failed to consider properly the factors relevant to the enhancement for creating a risk of harm, thus improperly calculating the guideline range, and failed to consider adequately the 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2010) factors. We review a sentence for procedural and substantive reasonableness. Gall v. United States, 552 U.S. 38, 51 (2007). We must first ensure that the district court did not commit any "significant procedural error," such as failing to properly calculate the applicable guidelines range, failing to consider the 18 U.S.C.A. § 3553(a) factors, or failing to adequately explain the sentence. Id.

An adjustment for obstruction of justice is warranted if "the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the

4

instant offense of conviction[.]" USSG § 3C1.1. The application notes for § 3C1.1 specifically include perjury by defendant and providing materially false information to a judge or magistrate. USSG § 3C1.1 cmt. n.4(b), (f). For purposes of § 3C1.1, the Supreme Court has defined perjury as "false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." United States v. Dunnigan, 507 U.S. 87, 94 (1993). Application Note 6 defines "material evidence" as "evidence, fact, statement, or information that, if believed, would tend to influence or affect the issue under determination." Under Dunnigan, "it is preferable for a district court to address each element of the perjury in a separate and clear finding[,]" 507 U.S. at 95, but it is sufficient if the district court makes a determination "that encompasses all of the factual predicates for a finding of perjury." Id. Davidson contends that the district court failed to identify the statements he made at the revocation hearing that were false, whether they concerned a material matter, and whether they were willfully made.

However, Davidson did not assert at sentencing that his testimony at the detention hearing was not perjured or not material or not given with the willful intent to influence the outcome of the detention hearing. He thus conceded that it was

5

all of the above. We conclude that it was not clear error for the district court to base its finding of perjury on the magistrate judge's implied, and undisputed, finding that Davidson's testimony at the revocation hearing was not credible, and the probation officer's recommendation that the testimony was material and willful. See United States v. Terry, 916 F.2d 157, 162 (4th Cir. 1990) (without defendant's affirmative showing that information in presentence report is inaccurate, district court may adopt findings without more explicit explanation).

Application Note 20(A) to § 2D1.1 sets out four factors relevant to the court's determination that, in an offense involving the manufacture of methamphetamine, an enhancement for creation of a substantial risk of harm to human life or the environment is warranted. In the presentence report, the probation officer discussed these factors in detail and explained how they supported application of the enhancement in this case. At the sentencing hearing, Davidson argued only that he was not responsible for any hazard created by the manufacture of methamphetamine on Brown's property. He did not contend that no substantial risk of harm was created there, again conceding the point. The district court held that Davidson was responsible for the actions of his co-conspirators in furtherance of the conspiracy, see USSG § 1B1.3(a)(1)(B), but

did not make detailed findings concerning the enhancement, since none were called for under Terry. We conclude that the district court did not clearly err in applying the enhancement for creation of a substantial risk of harm.

Davidson maintains that the district court's alleged errors in calculating his guideline range resulted in a sentence above the guideline range that, in his view, should have been used and, therefore, the sentence should not be afforded a presumption of reasonableness. However, we conclude that the district court did not err in calculating the guideline range.

Davidson also claims that the district court failed to consider adequately the § 3553(a) factors, resulting in a sentence greater than necessary. This claim also fails. The court "must place on the record an individualized assessment based on the particular facts of the case before it [which] . . . provide[s] a rationale tailored to the particular case at hand and [is] adequate to permit meaningful appellate review." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks, footnote, and citation omitted). This is true even when the district court sentences a defendant within the applicable guidelines range. Id.

At the same time, a sentence imposed within a properly calculated guidelines range enjoys a presumption of reasonableness on appeal. United States v. Go, 517 F.3d 216,

7

218 (4th Cir. 2008); see Rita v. United States, 551 U.S. 338, 346-56 (2007) (upholding appellate presumption of reasonableness for within-guidelines sentence).  Thus, an extensive explanation is not required as long as the appellate court is satisfied "that [the district court] has considered the parties' arguments and has a reasoned basis for exercising [its] own legal decisionmaking authority."  United States v. Engle, 592 F.3d 495, 500 (4th Cir.) (quoting Rita, 551 U.S. at 356), cert. denied, 131 S. Ct. 165 (2010) (internal quotation marks omitted).

Although Davidson did not object to the alleged inadequacy of the district court's ruling at sentencing, he preserved the issue for appeal simply by requesting a below-guideline sentence.  Lynn, 592 F.3d at 577-78.  We are satisfied that the court adequately considered the § 3553(a) factors, made an individualized assessment of the relevant facts, and stated its reasons for imposing a within-guideline sentence in a manner sufficient to permit appellate review.

Thus, the district court did not commit procedural error and we exercise our discretion to "apply a presumption of reasonableness" to Davidson's within-guideline sentence.  United States v. Wright, 594 F.3d 259, 268 (4th Cir.) (quoting Gall, 552 U.S. at 51), cert. denied, 131 S. Ct. 507 (2010) (internal quotation marks omitted).

We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED