**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee*,

v.

TERAZZE A. TAYLOR,
*Defendant-Appellant*.

No. 13-30040

D.C. No.
2:12-cr-00195-
JLR-4

OPINION

Appeal from the United States District Court
for the Western District of Washington
James L. Robart, District Judge, Presiding

Argued and Submitted
February 6, 2014—Seattle, Washington

Filed April 18, 2014

Before: Raymond C. Fisher, Ronald M. Gould and
Morgan B. Christen, Circuit Judges.

Opinion by Judge Fisher

# SUMMARY[*]

## Criminal Law

Affirming a sentence for defrauding the Veteran's Administration, the panel held that a defendant who willfully provides materially false testimony at a bond revocation hearing may be subject to an enhancement for obstruction of justice under U.S.S.G. § 3C1.1.

The panel held that the defendant's testimony to the magistrate judge during a bond revocation hearing was material as defined in the commentary to § 3C1.1, that a specific finding of "perjury" was not required, and that the district court made sufficient findings to support the enhancement as an attempt to obstruct or impede the administration of justice with respect to prosecution "of the instant offense of conviction."

## COUNSEL

Sharon J. Blackford (argued), Sharon Blackford PLLC, Seattle, Washington, for Defendant-Appellant.

Helen J. Brunner (argued), S. Kate Vaughan, Assistant United States Attorneys, Jenny A. Durkan, United States Attorney, Seattle, Washington, for Plaintiff-Appellee.

---

[*] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

## OPINION

FISHER, Circuit Judge:

Defendant Terazze Taylor appeals the district court's imposition of a two-level enhancement for obstruction of justice under U.S. Sentencing Guidelines Manual (U.S.S.G.) § 3C1.1, based on Taylor's false and misleading testimony at a bond revocation hearing in this case. We hold that Taylor's willful, false statements during the bond revocation hearing warranted enhancement as an attempt to obstruct or impede the administration of justice with respect to the prosecution "of the instant offense of conviction." *Id.* We therefore affirm his sentence.

## I

In July 2012, Taylor was arrested for submitting fraudulent travel vouchers to the Veteran's Administration (VA). A veteran of Operation Iraqi Freedom, Taylor frequently traveled to a VA Medical Center for various medical appointments. He sought reimbursement for his travel expenses, but intentionally gave an incorrect address on the form, thereby increasing the amount of each reimbursement by $165. He also sought reimbursement for days he did not attend any medical appointments. In total, Taylor fraudulently obtained approximately $16,599 in travel reimbursements from the VA.

After his arrest, Taylor was released on a pretrial appearance bond with the standard condition that he not commit a further federal, state or local crime. Shortly thereafter, however, Taylor was charged with domestic violence for allegedly assaulting his ex-girlfriend, Jovan

Ness. The state prosecutor dismissed the charges without prejudice, but Taylor was arrested on a federal warrant for violating a condition of his appearance bond in this case, prompting a pretrial bond revocation hearing.

At the hearing, the government presented the testimony of an independent eyewitness, two police officers and Taylor's probation officer on the merits of the domestic violence charges. The independent witness testified that she observed Taylor physically assaulting Ness and pulling her forcefully from her vehicle while Ness screamed for assistance. One of the police officers testified that Ness told him Taylor had assaulted her. Another police officer who spoke with Taylor after the incident testified that Taylor denied having had any interaction with Ness at all that day. According to the probation officer, however, Taylor's GPS monitoring bracelet indicated that he was within 10 feet of the location of the alleged assault for approximately three minutes at the time in question.

Taylor testified on his own behalf, as did Ness, the alleged victim. Ness denied that Taylor had assaulted her, claiming instead that Taylor was attempting to stop her from driving her car, as she was heavily medicated for pain at the time of the incident. She also denied telling the police she had been assaulted, although she acknowledged that she had obtained a restraining order against Taylor the day of the incident. For his part, Taylor denied physically assaulting Ness but did admit to being at the scene of the incident briefly, testifying that he was attempting to stop Ness from driving her vehicle while medicated.

At the conclusion of the hearing, the magistrate judge found by a preponderance of the evidence that Taylor had

committed the assault. The judge credited the testimony of the independent witness and the two officers, and found that Ness "did not, in appearance to me, seem that she was completely testifying candidly, and her denials to me were not believable." The judge also found that Taylor's testimony was contradicted on key points by that of the officers. Without further commenting on Taylor's veracity, the magistrate judge revoked Taylor's appearance bond.

Taylor ultimately pled guilty to defrauding the VA. At sentencing, relying on the magistrate judge's findings and a recording of Taylor's testimony at the bond hearing, the district court imposed a two-level enhancement for obstruction of justice under section 3C1.1.[1] Taylor now challenges the enhancement.

## II

Section 3C1.1 provides for a two-level increase in the offense level if:

> (1) [T]he defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the

---

[1] The district court concluded in the alternative that the obstruction enhancement could be based on telephone calls Taylor made to two women while he was incarcerated at the federal detention center, urging them to convince Ness to try to "fix this situation." Because Taylor's testimony at the bond revocation hearing was sufficient to support his enhancement for obstruction, we do not address this alternative ground.

defendant's offense of conviction . . . or (B) a
closely related offense . . . .

U.S.S.G. § 3C1.1. Conduct that may trigger this
enhancement includes "committing, suborning, or attempting
to suborn perjury" or "providing materially false information
to a judge or magistrate judge." *Id.* § 3C1.1 cmt. n.4(B), (F).

The district court imposed a two-level increase based on
what it found to be Taylor's false testimony at the bond
revocation hearing. It reasoned that part of the prosecution of
the underlying offense of conviction involved a determination
of whether Taylor should "be detained or should . . . not be
detained," and an "outright falsehood during that detention
period" is "part of [that] process." We review de novo the
"district court's characterization of [Taylor's] conduct as
obstruction within the meaning of Section 3C1.1," and we
review its factual findings for clear error. *United States v.
Shetty*, 130 F.3d 1324, 1333 (9th Cir. 1997).

Taylor argues that a two-level increase for obstruction of
justice is unwarranted under section 3C1.1, because his
statements at the bond revocation hearing were not related to
the "instant offenses of conviction" for defrauding the VA, or
any relevant conduct with respect to those offenses. In
Taylor's view, his testimony concerning the alleged domestic
violence incident had no potential to impede the investigation
or disposition of the underlying federal offenses because his
custodial status was not related to the substance of his federal
charges.

We are unpersuaded by Taylor's arguments, because his
restrictive reading of section 3C1.1 is contrary to our case law
interpreting section 3C1.1 and the accompanying application

notes. First, the phrase "prosecution of . . . the instant offense of conviction" in section 3C1.1 is not limited to the adjudication on the merits of the underlying criminal charges; it also encompasses certain proceedings and procedures collateral to that adjudication. As the district court recognized, whether a defendant warrants pretrial detention is an integral part of any federal prosecution. A judicial officer must make an initial determination of whether the accused shall be released before trial, 18 U.S.C. § 3142(a), or if detention is required because "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," *id.* § 3142(e)(1). In making this determination, a judicial officer is guided by the work of pretrial services officers, who must obtain "information pertaining to the pretrial release of each individual charged with an offense." *Id.* § 3154(1). We have therefore held that lying to pretrial services officers, conduct that can potentially impede this inquiry, may warrant the obstruction enhancement under section 3C1.1. *See United States v. Magana-Guerrero*, 80 F.3d 398, 400–01 (9th Cir. 1996); *United States v. Benitez*, 34 F.3d 1489, 1497 (9th Cir. 1994) (upholding obstruction enhancement for providing false information to a pretrial services officer because it "impeded the investigation and prosecution" of the underlying offense).

It follows that a bond revocation hearing is also part of the prosecution of a federal offense, as Taylor's case demonstrates. At the bond revocation hearing, the magistrate judge had to determine whether Taylor should be detained pending his federal trial based on the alleged domestic violence crime, taking into account the same factors that undergird an initial detention determination. *See* 18 U.S.C. § 3148(b). Taylor's false statements to the magistrate judge,

who had to take evidence and make credibility findings in making her determination, were an attempt to influence the outcome of the revocation hearing and thus obstruct "the administration of justice with respect to the . . . prosecution . . . of the instant offense[s] of conviction." U.S.S.G. § 3C1.1. The application notes to section 3C1.1 confirm that Taylor's *conduct* qualifies as obstruction, because he "provid[ed] materially false information to a . . . magistrate judge." U.S.S.G. § 3C1.1 cmt. n.4(F).

Second, contrary to Taylor's argument, his false statements were also "related to . . . [his] offense[s] of conviction." U.S.S.G. § 3C1.1. There is no requirement under section 3C1.1 "that the obstructive conduct relate *substantively* to the offense of which the defendant is convicted," so long as the conduct relates to the investigation, prosecution or sentencing of the underlying federal offense. *United States v. Hernandez-Ramirez*, 254 F.3d 841, 844 (9th Cir. 2001) (emphasis added); *see also United States v. Verdin*, 243 F.3d 1174, 1180 (9th Cir. 2001) (rejecting the argument that "false statements about [the defendant's] identity" cannot support an obstruction enhancement when the statements lack a substantive relationship to the offense of conviction); *United States v. O'Dell*, 204 F.3d 829, 837 (8th Cir. 2000) (noting that the Eighth Circuit has "repeatedly upheld an enhancement under section 3C1.1 where the perjurious testimony did not go to the underlying charge"); *United States v. Crousore*, 1 F.3d 382, 385 (6th Cir. 1993) ("[T]he test is not whether the false statement was about the actual crime charged, but whether it was made during the investigation, prosecution, or sentencing of the 'instant offense.'"). Following this principle, we have upheld an obstruction enhancement when a defendant made false statements on a financial affidavit to obtain court-appointed

counsel, *see Hernandez-Ramirez*, 254 F.3d at 843–44, and when a defendant provided false information, unrelated to the offense of conviction, to a probation or pretrial services officer, *see Verdin*, 243 F.3d at 1179–80; *Magana-Guerrero*, 80 F.3d at 400–01; *Benitez*, 34 F.3d at 1497. Under the proper standard, Taylor's false testimony during his bond revocation hearing was related to the prosecution of his offenses of conviction, supporting an obstruction enhancement.[2]

Accordingly, we hold that a defendant who willfully provides materially false testimony to a judge during a bond revocation hearing may be subject to a sentence enhancement under section 3C1.1. *See O'Dell*, 204 F.3d at 836–37 (upholding a section 3C1.1 enhancement for a defendant who lied to the magistrate judge during a bond revocation hearing); *see also United States v. Butters*, 513 F. App'x 103, 105 (2d Cir. 2013) ("[F]alsely obtaining bail has the potential to impede the investigation or prosecution of a case . . . .") (internal quotation marks and citation omitted); *United States v. Davidson*, 417 F. App'x 347, 349–50 (4th Cir. 2011) (per curiam) (upholding enhancement for obstruction based on the defendant's intentional, false testimony during a bond revocation hearing).

---

[2] The Second Circuit's decision in *United States v. Khimchiachvili*, 372 F.3d 75 (2d Cir. 2004), *vacated on other grounds sub nom. Berwick v. United States*, 544 U.S. 917 (2005), has no application here. *Khimchiachvili* parted ways with this court's decision in *Hernandez-Ramirez*, the Second Circuit holding that making false statements in a financial affidavit to obtain court-appointed counsel did not trigger an obstruction enhancement. *Id.* at 82–83. Even if *Khimchiachvili* has any bearing on the issue for decision here, which we doubt, we are bound by the contrary decision of our court.

Even accepting our interpretation of the sentencing guidelines, Taylor maintains that an enhancement for obstruction is not appropriate because he did not provide "materially" false testimony to the magistrate judge, as required by application note 4(F). Taylor's testimony was material as that term is defined in the commentary to section 3C1.1, however, because Taylor provided "information that, if believed, would tend to influence or affect the issue under determination." U.S.S.G. § 3C1.1 cmt. n.6. The "issue under determination" was not whether Taylor committed the charged fraud and conspiracy offenses, but whether his bond should have been revoked. *See Hernandez-Ramirez*, 254 F.3d at 844 (holding that false information in the defendant's financial affidavit was material because this information would tend to affect "whether the magistrate judge found him qualified for appointed counsel"); *Magana-Guerrero*, 80 F.3d at 400 (holding that a lie to a pretrial officer was material because if "believed, it could have influenced matters such as his entitlement to bail or his sentence"). Indeed, the Eighth Circuit upheld the enhancement on facts essentially identical to those here, rejecting the defendant's argument that his perjurious testimony in his bond revocation hearing was not material. *See O'Dell*, 204 F.3d at 837 (holding that "the 'issue under determination' was whether [the defendant]'s pretrial release should be revoked"). Because Taylor's testimony, if believed, could have affected his custodial status pending trial, his statements were material under section 3C1.1.

Finally, Taylor argues that absent an explicit finding of perjury by the magistrate judge, there was no way for the district court to determine whether Taylor had the required *mens rea* for the obstruction enhancement – that he "willfully" provided false testimony on a material matter.

U.S.S.G. § 3C1.1. We disagree. As long as the district court made sufficient findings that the defendant acted willfully, a specific finding of "perjury" was not required to support the obstruction enhancement for providing false testimony to the magistrate judge. *See id.* § 3C1.1 & cmt. n.4(F). Whether Taylor's testimony is viewed as committing perjury, *see id.* § 3C1.1 cmt. n.4(B), or providing false information to a judge, *see id.* § 3C1.1 cmt. n.4(F), the elements of an obstruction enhancement here are the same. A defendant commits perjury for purposes of section 3C1.1 if, while under oath, he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993) (citing 18 U.S.C. § 1621(1)). Similarly, an obstruction enhancement for "providing materially false information to a judicial officer . . . includes a requirement of willful intent to deceive the fact finder." *O'Dell*, 204 F.3d at 836 (quoting *United States v. Molina*, 172 F.3d 1048, 1058 (8th Cir. 1999)) (internal quotation marks omitted).

Under either formulation, "the term 'willfully' requires that the defendant 'consciously act with the *purpose* of obstructing justice.'" *United States v. Lofton*, 905 F.2d 1315, 1316–17 (9th Cir. 1990) (quoting *United States v. Stroud*, 893 F.2d 504, 507 (2d Cir. 1990)). Because "inaccurate testimony or statements sometimes may result from confusion, mistake, or faulty memory[,] . . . not all inaccurate testimony or statements necessarily reflect a willful attempt to obstruct justice." U.S.S.G. § 3C1.1 cmt. n.2. Therefore, when a defendant objects to a sentence enhancement for obstruction of justice on this basis, "a district court must review the evidence and make independent findings necessary to establish a willful impediment to or obstruction

of justice, or an attempt to do the same." *Dunnigan*, 507 U.S. at 95.

The district court made sufficient findings here. Although the magistrate judge did not explicitly find that Taylor lied under oath, it is clear from the record that she did not believe Taylor's testimony, as she concluded that his version of the incident was contrary to the testimony of the independent witness and the police officers, whom she credited. The district court noted that it had listened to a recording of the hearing and found that Taylor had, "clearly and unambiguously and under oath," told "a story" that was "simply not true, based on the totality of the evidence" in "an effort to persuade the magistrate that [he] should not be taken back into custody." The district court also found that Taylor's false statements did not "demonstrate confusion." These are sufficient findings to support an obstruction enhancement, and, "[g]iven the numerous witnesses who contradicted [Taylor] regarding so many facts on which [he] could not have been mistaken," not clearly erroneous. *Dunnigan*, 507 U.S. at 95–96; *see also Hernandez-Ramirez*, 254 F.3d at 843; *Magana-Guerrero*, 80 F.3d at 400 (upholding a finding of willfulness based on an inference from the conflicting testimony of the probation officer and the defendant).

## III

For the foregoing reasons, we hold that a defendant who willfully provides materially false testimony at a bond revocation hearing may be subject to an enhancement for

obstruction of justice under section 3C1.1. We therefore affirm Taylor's sentence.

**AFFIRMED**.