**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    15-10583 |
| Plaintiff-Appellee, | D.C. No.<br>4:15-cr-00646-BPV-1 |
| v. | |
| LANCE PARRA, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
James Alan Soto, District Judge, Presiding

Submitted November 15, 2016**
San Francisco, California

Before:  THOMAS, Chief Judge, FRIEDLAND, Circuit Judge, and EZRA,***
District Judge.

---

\*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*       The Honorable David A. Ezra, United States District Judge for the
District of Hawaii, sitting by designation.

Lance Parra ("Appellant") appeals his 33-month sentence of imprisonment for possessing a prohibited object in prison, in violation of 18 U.S.C. §§ 1791(a)(2) and (b)(1). He raises three issues on appeal: (1) whether the district court erred in finding that he willfully obstructed justice; (2) whether the district court violated his First Amendment right to free speech by applying an obstruction of justice enhancement at sentencing; and (3) whether the district court erred by imposing a substantively unreasonable sentence. We have jurisdiction under 28 U.S.C. § 1291. We affirm.

Because the parties are familiar with the facts of the case, we do not recite them except to the extent necessary to aid in understanding this disposition.

**1.** United States Sentencing Guideline ("USSG") § 3C1.1 authorizes a two-level enhancement to a base offense level

> [i]f (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation, prosecution, or sentencing of the instant offense of conviction, and (2) the obstructive conduct related to (A) the defendant's offense of conviction and any relevant conduct; or (B) a closely related offense . . . .

We review a district court's factual determination under Section 3C1.1 for clear error. *United States v. Taylor*, 749 F.3d 842, 845 (9th Cir. 2014).

Appellant contends that the district court committed clear error in finding that he willfully obstructed justice. We disagree. Appellant's girlfriend gave sworn testimony that Appellant instructed her not to speak to the FBI during the FBI's investigation into his instant offense conduct. The district court found his girlfriend credible, and found that Mr. Parra was concerned that his girlfriend might provide statements or information to the FBI that would further implicate him in the crimes at issue. No record evidence exists to make the district court's finding illogical or implausible. *United States v. Elliott*, 322 F.3d 710, 715 (9th Cir. 2003) ("Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous." (quoting *United States v. Working*, 224 F.3d 1093, 1102 (9th Cir. 2000) (en banc))). Therefore, the district court did not commit clear error in finding that Appellant willfully obstructed justice.

**2.** Appellant next argues that the application of the obstruction enhancement unlawfully punishes him for exercising his First Amendment right to free speech.

Generally, an issue is deemed waived on appeal "if the argument was not raised sufficiently for the trial court to rule on it." *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012) (quoting *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010) (internal quotation marks and citations

3

omitted)).  In this case, Appellant failed to raise a First Amendment challenge before the district court.  Accordingly, he has waived this argument on appeal.

**3.**  Finally, Appellant argues that his 33-month sentence of imprisonment is substantively unreasonable because the district court did not adequately consider his drug addiction and need for a shorter sentence due to rehabilitative concerns. This Court reviews the reasonableness of a sentence for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008).

Here, the district court considered the 18 U.S.C. § 3553(a) factors and imposed a sentence at the low end of the Guidelines. While there is no presumption that a Guidelines sentence is reasonable, it "will usually be reasonable."  *Carty*, 520 F.3d at 994 (quoting *Rita v. United States*, 551 U.S. 338, 351 (2007)).  Here, that is the case.  The district court did not abuse its discretion in sentencing Appellant to 33 months' imprisonment.

**AFFIRMED**.