**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 27 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | No. 15-10561 |
| Plaintiff-Appellee, | D.C. No. 2:14-cr-00004-JAD-VCF-1 |
| v. | |
| LAMALSKIOU LOWE, AKA Lanalsikou Lowe, AKA Lanalsikov Lowe, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Argued and Submitted January 13, 2017
San Francisco, California

Before:  WALLACE, CLIFTON, and M. SMITH, Circuit Judges.

Lamalskiou Lowe appeals his conviction and sentence for illegal possession

of a handgun as a convicted felon and illegal possession of a controlled substance

with intent to distribute under 18 U.S.C. §§ 922(g)(1), 924(a)(2) and 21 U.S.C.

§§ 841(a), (b)(1)(c). We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

1. The district court did not err by denying Lowe's motion for a new trial under *Brady v. Maryland*, 373 U.S. 83 (1963). To establish a violation of *Brady* based on the government's suppression of exculpatory evidence, the defendant must show, among other things, that he did not know about the existence of the exculpatory evidence. *United States v. Aichele*, 941 F.2d 761, 764 (9th Cir. 1991). If, however, the "defendant has enough information to be able to ascertain the supposed *Brady* material on his own," there is no *Brady* violation. *Id.* Here, Lowe sufficiently knew about the existence of the county hospital report throughout both the pretrial proceedings and trial. Notably, Lowe filed seven pretrial motions expressly requesting the results from Moore's physical examination at the county hospital, and he continued these requests throughout trial. The district court therefore did not err by rejecting Lowe's *Brady* claim for failure to establish suppression. *See Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006) (rejecting *Brady* claim when the "[p]etitioner possessed the salient facts regarding the existence of the records that he claims were withheld"). Moreover, Lowe's *Brady* claim also fails because he has not established that the government had actual or constructive possession of the county hospital report. *See Strickler v. Greene*, 527 U.S. 263, 275 n.12 (1999). The report was created by a county hospital, not the government, and there is no evidence in the record establishing that any local authorities, including

the hospital, the Clark County District Attorney's Office, or the Las Vegas Metropolitan Police Department, provided the report to the government.

2.      The district court did not abuse its discretion by failing to grant a new trial or order a mistrial after the government introduced evidence of Lowe's prior sexual assault conviction. We may reverse the district court and order a new trial only if, when viewing the publication of Lowe's prior sexual assault conviction "in the context of the entire trial, it is more probable than not that [the conviction] materially affected the verdict." *United States v. Dorsey*, 677 F.3d 944, 955 (9th Cir. 2012) (internal quotation marks omitted). When determining whether the prosecutor's alleged misconduct affected the jury verdict, we generally presume that the jury followed the district court's curative instructions. *Miller v. City of Los Angeles*, 661 F.3d 1024, 1030 (9th Cir. 2011). To overcome the presumption, the defendant must show that "the risk that the jury will not . . . follow instructions is so great, and the consequences of failure so vital to the defendant, that the practical and human limitations of the jury system cannot be ignored." *Bruton v. United States*, 391 U.S. 123, 135 (1968).

There is no evidence that the publication of Lowe's prior sexual assault conviction improperly affected the jury verdict here. After the government inadvertently published the unredacted version of the sexual assault conviction, the

district court immediately instructed the jury to disregard the document. The district court then instructed the jury to consider Lowe's previous felony convictions for the limited purpose of determining whether Lowe was a convicted felon at the time he allegedly possessed the 9mm handgun. There is no evidence that the jury failed to follow these instructions. Indeed, the jury's decision to acquit Lowe on the .25 caliber handgun charge instead indicates that the jury verdict was not affected by the publication of the prior sexual assault conviction. *See United States v. de Cruz*, 82 F.3d 856, 863 (9th Cir. 1996) (rejecting appeal based on alleged prosecutorial misconduct in part because the "the fact that the jury acquitted defendant on one of the charges against her indicates that the jury was able to weigh the evidence without prejudice"). The district court therefore did not abuse its discretion in denying Lowe's mistrial and new trial motions.

3. The district court did not commit plain error by allowing the government to introduce evidence that Lowe assaulted Moore. The government may introduce prior bad act evidence under Federal Rule of Evidence 404(b)(2) to provide background information regarding the circumstances of the charged offense. *United States v. Rrapi*, 175 F.3d 742, 748 (9th Cir. 1999). Here, the government introduced the domestic violence evidence against Lowe for the limited purpose of providing background information regarding (1) the search

4

incident to Lowe's arrest for domestic violence and (2) the nature of Lowe's relationship with Moore. The government's introduction of the domestic violence evidence therefore was not improper. Moreover, even if improper, there is no evidence that the domestic violence evidence "seriously affect[ed] the fairness, integrity, or public reputation of [the] judicial proceedings" here. *Henderson v. United States*, 133 S. Ct. 1121, 1130 (2013). As discussed *supra*, the jury ultimately acquitted Lowe on the .25 caliber handgun charge, indicating that the jury was not prejudiced here.

4.      The district court did not err by failing to suppress the cocaine recovered from Lowe during the search incident to his arrest for domestic violence. Although the Fourth Amendment generally prohibits law enforcement from entering a home without a warrant, the government may overcome the presumption of unconstitutionality by showing that law enforcement received consent to enter the home. *Lopez-Rodriguez v. Mukasey*, 536 F.3d 1012, 1016 (9th Cir. 2008). Moreover, once law enforcement receives consent to enter the home, the officers may arrest a suspect and search the suspect incident to that arrest without having to first acquire a warrant, so long as the arrest is supported by probable cause. *United States v. Struckman*, 603 F.3d 731, 739 (9th Cir. 2010). At the suppression hearing, the district court found that (1) Moore gave the officers consent to enter her and

Lowe's shared apartment; (2) Moore had the authority to provide the officers with consent; (3) the officers did not exceed the scope of Moore's consent by entering and then searching the apartment; and (4) given Moore's allegations of domestic violence and the visible injuries to her neck and face, law enforcement had probable cause to arrest Lowe for domestic violence and then search him incident to that arrest. These findings are sufficient to establish compliance with the Fourth Amendment, and Lowe does not challenge these findings on appeal. The district court therefore did not err by failing to suppress the cocaine.

5.   The district court did not err by failing to suppress the photograph of the 9mm handgun recovered during the government's search of the electronic contents of Lowe's cellphone.

First, the government's search warrant application was supported by probable cause. "Probable cause . . . is not a high bar[.]" *Kaley v. United States*, 134 S. Ct. 1090, 1103 (2014). To find probable cause, the magistrate judge need only find that there is a "fair probability" that the search will reveal "evidence of a crime." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). Here, the government's search warrant application provided extensive information establishing that, at the time law enforcement seized Lowe's cellphone during his booking and arrest in

November 2013,[1] the phone likely contained evidence of federal firearms and narcotics violations. This information included: (1) Moore's statements to law enforcement that Lowe sold drugs for a living and had previously sold guns; (2) the fact that the government recovered a .25 caliber handgun, ammunition for two other firearms, and drug paraphernalia associated with drug trafficking while searching Lowe and Moore's shared apartment; (3) the fact that the government recovered five bags of cocaine packaged for sale while searching Lowe; and (4) affidavit testimony from an ATF agent stating that, based on his experience and training in conducting federal firearms and narcotics investigations, drug dealers commonly use cellphones to facilitate the sale of drugs. This information was sufficient to establish probable cause.

---

[1] There is no evidence in the record suggesting that the electronic contents of Lowe's cellphone changed while the phone was inventoried. Accordingly, the mere passage of time between Lowe's arrest in November 2013 and the government's search of his phone two months later in January 2014 does not affect the outcome here. *See United States v. Dozier*, 844 F.2d 701, 707 (9th Cir. 1988) ("The mere lapse of substantial amounts of time is not controlling . . . .").

Second, Officer Zavala's warrantless search of the physical components of Lowe's cellphone did not violate the Fourth Amendment.[2] When, as here, the government lacks probable cause to search a prisoner's property for investigative purposes, the government may nevertheless search that property if two conditions are met: (1) the property was "subject to search" during the prisoner's initial booking or arrest, and (2) the search was conducted in a reasonable manner. *United States v. Edwards*, 415 U.S. 800, 807 & 808 n.9 (1974). Both conditions were met here. Law enforcement was entitled to search the physical components of Lowe's cellphone during booking and arrest, for example, by removing the backplate and battery from the phone. *See Riley v. California*, 134 S. Ct. 2473, 2485-87 (2014). Moreover, the record provides no evidence establishing that Officer Zavala searched Lowe's cellphone in an otherwise unreasonable manner, for example, by searching the phone on multiple occasions. *See Edwards*, 415 U.S. at 808 n.9 (observing that otherwise constitutional searches "incident to incarceration" may nevertheless "violate the dictates of reason either because of their number or their manner of perpetration" (internal quotation marks omitted)). The record indicates

---

[2] In addition to his Fourth Amendment challenge, Lowe also argues that Officer Zavala's search violated Federal Rule of Criminal Procedure 41(e)(2)(A)(i). Because Lowe failed to raise this argument in his motion to suppress at the district court, this argument is waived. *United States v. Morillo*, 288 F.3d 1126, 1135 (9th Cir. 2002).

only that, at the request of federal law enforcement, Officer Zavala obtained Lowe's cellphone from the jail's inventory room, removed the backplate and battery, and recorded the phone's serial number. This search was not unreasonable. *See Riley*, 134 S. Ct. at 2485, 2487.

6.     The district court did not commit clear error by imposing a two-level sentencing enhancement for obstruction of justice under U.S. Sentence Guidelines § 3C1.1. When, as here, the sentencing enhancement is based on the defendant's alleged perjurious testimony at trial, the district court cannot rely solely on the jury verdict to find perjury. *United States v. Dunnigan*, 507 U.S. 87, 95 (1993). Rather, "[the] district court must review the evidence and make independent findings necessary to establish" perjury. *Id.* This requires the district court to enter factual findings establishing that the defendant "satisf[ied] all three elements of perjury[:] falsity, materiality, and willfulness[.]" *United States v. Alvarado-Guizar*, 361 F.3d 597, 600 (9th Cir. 2004) (citing *Dunnigan*, 507 U.S. at 96-97). However, the district court need not make "separate and clear finding[s]" for each element of perjury; the district court need only make factual findings "encompass[ing] all of the factual predicates for a finding of perjury." *Id.* (internal quotation marks omitted). Here, the district court reviewed the evidence presented at trial and made independent findings establishing each element of perjury. Further, these findings

9

were clearly supported by the record, including: (1) Lowe's unequivocal testimony on direct examination that he never possessed the 9mm handgun; (2) Moore's testimony on direct examination establishing that Lowe took possession of the 9mm handgun from Moore; and (3) metadata from Lowe's cellphone establishing that someone using the phone took a photograph of the 9mm handgun in November 2013 at the same time when Lowe was living with Moore in their shared apartment. These findings are sufficient to uphold a sentencing enhancement for perjury under section 3C1.1 on clear error review. *See United States v. Taylor*, 749 F.3d 842, 848 (9th Cir. 2014) (upholding sentencing enhancement under section 3C.1.1 when the district court reviewed a recording of a bond revocation hearing and determined that the defendant "clearly and unambiguously and under oath, told a story that was simply not true, based on the totality of the evidence[,] in an effort to persuade the magistrate judge that [he] should not be taken back into custody") (internal quotation marks omitted, second alteration in original)).

**AFFIRMED.**