NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff-Appellee,<br><br>  v.<br><br>JESUS RODRIGUEZ-PENUELAS,<br><br>          Defendant-Appellant. | No.   18-50217<br><br>D.C. No.<br>3:18-cr-01225-LAB-1<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Southern District of California
Larry A. Burns, District Judge, Presiding

Submitted November 12, 2019**
Pasadena, California

Before:  FERNANDEZ and M. SMITH, Circuit Judges, and OTAKE,*** District
Judge.

Defendant-Appellant Jesus Rodriguez-Penuelas appeals the sentence he

received after a jury convicted him of attempted unlawful reentry in violation of 8

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*        The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*        The Honorable Jill Otake, United States District Judge for the District
of Hawaii, sitting by designation.

U.S.C. § 1326 (a) and (b). Rodriguez-Penuelas testified at trial that Border Patrol Agents forcibly dragged him into the United States from Mexico. At sentencing, the district court found that testimony was willfully false and material, and so applied an obstruction of justice enhancement under U.S.S.G. § 3C1.1. Rodriguez-Penuelas objects only to that enhancement on appeal. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not abuse its discretion in applying an enhancement for obstruction of justice under U.S.S.G. § 3C1.1. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170 (9th Cir. 2017) (en banc). The district court specifically found that Rodriguez-Penuelas falsely testified about a material matter with willful intent, as our case law requires. *See United States v. Herrera-Rivera*, 832 F.3d 1166, 1174 (9th Cir. 2016). The record supports that, in doing so, the district court focused on the substance of the false testimony regarding how Rodriguez-Penuelas entered the country, but did not erroneously believe entry itself was an element of the crime. Instead, the court correctly recognized that the testimony about agents physically dragging him into the United States had the potential to influence the jury's verdict here, because it had to assess whether Rodriguez-Penuelas intended to enter the United States and whether he took a substantial step toward doing so. *See United States v. Castillo-Mendez*, 868 F.3d 830, 836 (9th Cir. 2017).

We reject Rodriguez-Penuelas' argument that his testimony was not material

2

because it still placed him close to the border and so suggested an attempt to enter. This argument relies on too narrow a view of materiality. False testimony is material if it has the potential to obstruct the prosecution of the offense. *See United States v. Sullivan*, 797 F.3d 623, 642 (9th Cir. 2015); *see also United States v. Taylor*, 749 F.3d 842, 847–48 (9th Cir. 2014); U.S.S.G. § 3C1.1 cmt. n.6 (defining materiality as "tend[ing] to influence or affect the issue under determination"). If believed, testimony that agents dragged Rodriguez-Penuelas into the United States still had the potential to influence the jury's decision, especially because Rodriguez-Penuelas' specific intent to enter the United States free from official restraint was a key element in dispute at trial.

Because the record supports the district court's materiality finding in light of the elements of the charged crime, the finding was neither an abuse of discretion nor proof that the district court misunderstood the elements of the offense. **AFFIRMED.**