NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

DEC 10 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30041 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 1:19-cr-00292-BLW-1 |
| | 1:19-cr-00292-BLW |
| SCOTT ALEXANDER LANEY, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief District Judge, Presiding

Submitted December 7, 2021[**]
Seattle, Washington

Before: McKEOWN, CHRISTEN, and BADE, Circuit Judges.

Scott Alexander Laney appeals the district court's denial of his motion for a

new trial, arguing his written jury trial waiver was invalid. In the alternative,

Laney appeals the district court's sentence of 42 months' imprisonment for his

conviction for health care fraud and aggravated identity theft. We have jurisdiction

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We affirm the district court's denial of Laney's motion for a new trial, but we vacate Laney's sentence and remand for resentencing.

1. Laney executed a written jury trial waiver under Rule 23(a) of the Federal Rules of Criminal Procedure, which stated that he was "fully informed of [his] right to trial by jury." Laney now contends that his waiver was not knowing, intelligent, and voluntary because, at the time he signed the waiver, he had not been advised of the full extent of his jury trial rights either by counsel or by the district court. We disagree.

We review the adequacy of a jury trial waiver de novo. *United States v. Laney*, 881 F.3d 1100, 1106 (9th Cir. 2018). "To be valid, a defendant's waiver of the Sixth Amendment right to a jury trial must be voluntary, knowing, and intelligent." *Id.* In most cases, a written jury trial waiver under Rule 23(a) "creates the presumption that the waiver was voluntary, knowing, and intelligent." *Id.* (quoting *United States v. Bishop*, 291 F.3d 1100, 1113 (9th Cir. 2002)). Although we have strongly suggested that district courts conduct colloquies with defendants before accepting jury trial waivers, *id.*, a district court's failure to do so does not violate the Constitution unless "the record indicates a special disadvantage or disability bearing upon the defendant's understanding of the jury waiver," *United States v. Duarte-Higareda*, 113 F.3d 1000, 1003 (9th Cir. 1997).

2

Absent such circumstances, a written waiver alone is generally sufficient to demonstrate that the waiver was knowing, intelligent, and voluntary. *See Bishop*, 291 F.3d at 1114.

Laney has not rebutted the presumption that his waiver was knowing, intelligent, and voluntary. *See id.*; *see also Duarte-Higareda*, 113 F.3d at 1003 (defendant's special disadvantage was "known to the district court and put the court on notice that [the] waiver might be less than knowing and intelligent"). Although the district court did not engage in a colloquy with Laney at the time he offered the jury waiver, this was not, under the circumstances, erroneous. *United States v. Cochran*, 770 F.2d 850, 853 (9th Cir. 1985); *see also Bishop*, 291 F.3d at 1114.[1]

2.      Laney also argues that the district court erred in denying his motion for a new trial on the issue of his jury waiver because, regardless of whether the district court was on notice before the trial that his waiver was not knowing, intelligent, and voluntary, the evidence he submitted in support of his motion showed that he was not adequately advised of his jury trial rights. We review a district court's denial of a motion for a new trial for abuse of discretion. *United*

---

[1] We do not address Laney's argument that the written jury trial waiver did not extend to counts subsequently added or corrected in later indictments. *See Martinez-Serrano v. INS*, 94 F.3d 1259, 1259 (9th Cir. 1996) ("Issues raised in a brief that are not supported by argument are deemed abandoned.").

*States v. French*, 748 F.3d 922, 934 (9th Cir. 2014). We "affirm a district court's factual finding unless that finding is illogical, implausible, or without support in inferences that may be drawn from the record." *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc) (footnote omitted).

The district court did not abuse its discretion in denying Laney's motion for a new trial because he did not rebut the presumption that his waiver was knowing, intelligent, and voluntary. Even if Laney had rebutted the presumption, the district court did not err in determining that Laney waived his rights to a jury trial. Laney, both personally and through counsel, subsequently affirmed that he wished to waive his jury trial right. The district court also engaged in a colloquy with Laney before trial that was sufficient for the district court to ensure that Laney understood his rights to a jury trial and was competent to waive them. *See United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) (holding "[t]he district court reasonably concluded that [the defendant's] competence, background, and experience ensured that he understood the mechanics of a jury trial and the rights he was waiving, even without an in-depth colloquy or a recitation of the four facts mentioned in *Cochran*").

3.     Last, Laney argues that the district court erred in imposing a sentencing enhancement under § 3C1.1 of the United States Sentencing Guidelines for obstruction of justice. The district court imposed this sentencing enhancement

because it determined that Laney committed perjury during the trial. Laney argues that this finding was erroneous because the district court acknowledged as part of its factual findings that Laney believed he was telling the truth. We agree the court erred.

We review the district court's sentencing decision for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc). "A factual finding that a defendant obstructed justice is reviewed for clear error." *United States v. Garro*, 517 F.3d 1163, 1171 (9th Cir. 2008).

A defendant commits perjury under § 3C1.1 if he "gives false testimony concerning a material matter with the willful intent to provide false testimony, rather than as a result of confusion, mistake, or faulty memory." *United States v. Dunnigan*, 507 U.S. 87, 94 (1993). The district court's finding that Laney believed he was telling the truth is inconsistent with a finding that Laney willfully offered false testimony. *See, e.g.*, 18 U.S.C. § 1621; *Dunnigan*, 507 U.S. at 94; *United States v. Taylor*, 749 F.3d 842, 848 (9th Cir. 2014). We accordingly vacate Laney's sentence and remand to the district court for resentencing. On remand, the district court shall clarify whether the record supports the finding that the defendant willfully provided false testimony, or the finding that the defendant believed he was telling the truth, and also reconsider whether application of the § 3C1.1 sentencing enhancement is warranted.

5

**AFFIRMED in part and sentence VACATED and REMANDED for**

**resentencing.**