**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

FERNANDO RUIZ, individually and
on behalf of all others similarly
situated,

   *Plaintiff-Appellant,*

v.

AFFINITY LOGISTICS CORPORATION,
   *Defendant-Appellee.*

No. 10-55581

D.C. No.
3:05-cv-02125-
JLS-CAB

OPINION

Appeal from the United States District Court
for the Southern District of California
Janis L. Sammartino, District Judge, Presiding

Argued and Submitted
December 8, 2011—Pasadena, California

Filed February 8, 2012

Before: Harry Pregerson and Richard A. Paez,
Circuit Judges, and James P. Jones, District Judge.*

Opinion by Judge Pregerson

---

*The Honorable James P. Jones, United States District Judge for the
Western District of Virginia, sitting by designation.

## COUNSEL

Daniel A. Osborn, Osborn Law, P.C., New York, New York, for the plaintiffs-appellants.

Elic Anbar, Law Offices of Elic Anbar, Phoenix, Arizona, for the plaintiffs-appellants.

James H. Hanson, Scopelitis, Garvin, Light, Hanson & Feary, P.C., Indianapolis, Indiana, for the defendant-appellee.

Catherine K. Ruckelshaus, National Employment Law Project, New York, New York, for the amicus.

Cynthia L. Rice, California Rural Legal Assistance Foundation, Sacramento, California, for the amicus.

## OPINION

PREGERSON, Circuit Judge:

Fernando Ruiz ("Ruiz") appeals the district court's judgment, after a bench trial, in his action against Affinity Logistics Corporation ("Affinity") for alleged violations of the Fair Labor Standards Act ("FLSA") and California laws. We have jurisdiction pursuant to 28 U.S.C. § 1291. We vacate and remand.

## BACKGROUND

Affinity Logistics Corporation ("Affinity")[1] is a company providing home delivery and transportation logistical support services to various home furnishing retailers, including Sears. To work as a driver for Affinity, individuals had to enter into the Independent Truckman's Agreement and Equipment Lease Agreement (collectively the "Agreements") with Affinity.

The Agreements included clauses stating that (1) the parties

---

[1] In June 2007, Affinity was acquired by 3PD, Inc.

were entering into an independent contractor relationship, and (2) Georgia law applied to any disputes. Specifically, the Agreements stated, among other things:

- *Control and Exclusive Use*. . . . The parties intend to create an independent contractor relationship and not an employer-employee relationship.

- *Independent Contractor* (a) Contractor, in the performance of this Agreement, will be acting in his own separate capacity and not as an agent, employee, partner, joint venture or associate of Affinity. It is expressly understood and agreed that Contractor is an independent contractor of Affinity in all manners and respects and that Contractor is not authorized to bind Affinity to any liability or obligation or to represent that it has any such authority.

- *Governing Law*. This Agreement and any dispute thereunder shall be governed by the laws of the State of Georgia.

(emphasis in original). The Agreements also repeatedly referred to the individual drivers as "contractors." Affinity hired Ruiz as a driver in 2003.

Ruiz and drivers similarly situated (collectively the "drivers") filed a class action against Affinity alleging violations of FLSA and California laws, including failure to pay overtime, failure to pay wages (including payment for vacation, holidays, sick days, and severance), improper charges for workers' compensation insurance, and the unfair business practice of wrongfully classifying California drivers. The district court initially granted partial summary judgment to Affinity on Ruiz's cause of action for violation of FLSA. Affinity then

moved for summary judgment under Federal Rule of Civil Procedure 56(c) on the remainder of Ruiz's claims.

On June 5, 2008, the district court granted Affinity's motion for summary judgment on Ruiz's second cause of action for overtime pay under California law. The remainder of Ruiz's claims, however, turned on whether Ruiz should be classified as an independent contractor or as an Affinity employee.

Relying on the choice of law clause in the Agreements, the district court held that Georgia law applies to determine whether the drivers were employees of Affinity or independent contractors. The district court applied California's choice of law framework to reach this conclusion. Under California's choice of law framework, the district court noted that "California courts enforce choice-of-law clauses where . . . the chosen state 'has a substantial relationship to the parties or the transaction.' " quoting *ABF Capital Corp. v. Osley*, 414 F.3d 1061, 1065 (9th Cir. 2005). The district court then found that "[a] substantial relationship exists where one of the parties is domiciled or incorporated in the chosen state" and that Affinity is incorporated in Georgia and has its principal office in Marietta, Georgia. *ABF Capital Corp.*, 414 F.3d at 1065. Thus, the district court enforced the parties' choice of law clause and applied Georgia law to resolve the employee-independent contractor issue.

Applying Georgia law, the court concluded that there was "sufficient evidence from which a reasonable jury could conclude that [Ruiz] has overcome the presumption of 'independent contractor' status and established that he was [Affinity's] employee." Thus, the court denied Affinity's motion for summary judgment on those claims that turn on whether Ruiz should be classified as an independent contractor or as an Affinity employee. The matter was set for a bench trial on the remaining claims.

After a three-day bench trial, the district court concluded that under Georgia law there is a presumption of independent contractor status. *Ruiz v. Affinity Logistics Corp.*, 697 F. Supp. 2d 1199, 1204 (S.D. Cal. 2010). And to rebut this presumption Ruiz must establish that an employer-employee relationship existed. *Id.* The district court found that Ruiz was unable to establish an employer-employee relationship and thus failed to rebut Georgia's presumption of independent contractor status. *Id.* at 1220-21.

## DISCUSSION

### A.   Waiver

On appeal, Affinity claims that "Ruiz waived any objection to the choice of law for purposes of appeal [because] he failed to raise this issue in the District Court." "Although no bright line rule exists to determine whether a matter [h]as been properly raised below, an issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." *In re Mercury Interactive Corp. Sec. Litig.,* 618 F.3d 988, 992 (9th Cir. 2010) (internal quotation marks and citations omitted). In this case, Ruiz's argument that California law, rather than Georgia law, applies was "raised sufficiently for the trial court to rule on it." *Id.* Accordingly, we will entertain Ruiz's argument that the district court erroneously applied Georgia law.

Moreover, "the rule of waiver is a discretionary one." *Ackerman v. Western Elec. Co.*, 860 F.2d 1514, 1517 (9th Cir. 1988) (citing *Singleton v. Wulff*, 428 U.S. 106, 121 (1976)). "We may consider issues not presented to the district court, although we are not required to do so." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d at 992 (citation omitted). This court has stated that it has discretion to make an exception to waiver under three circumstances: (1) "in the 'exceptional' case in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process," (2)

"when a new issue arises while appeal is pending because of a change in the law," and, (3) "when the issue presented is purely one of law and either does not depend on the factual record developed below, or the pertinent record has been fully developed." *Bolker v. C.I.R.*, 760 F.2d 1039, 1042 (9th Cir. 1985). In this case, because the issue of whether the district court properly applied California's choice of law framework is one of law and there is no deficiency in the record relating to it, we exercise our discretion to consider that issue. *Ackerman*, 860 F.2d at 1517 (citing *In re Howell*, 731 F.2d 624, 627 (9th Cir. 1984), *cert. denied*, 469 U.S. 933 (1984)).

## B. Choice of Law

Ruiz contends that the district court after applying California's choice of law framework erred when it concluded that Georgia law applies. We agree. Whether the district court erred when it concluded that Georgia law, not California law, applies is a question of law subject to de novo review. *Schoenberg v. Esportadora de Sal, S.A. de C.V.*, 930 F.2d 777, 782 (9th Cir. 1991) (citation omitted).

[1] California's choice of law framework is set forth in Restatement § 187(2) and in *Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1152 (Cal. 1992). "California courts apply the parties' choice of law unless the analytical approach articulated in § 187(2) of the Restatement (Second) of Conflict of Laws ("187(2)") dictates a different result." *Hoffman v. Citibank (S.D.), N.A.*, 546 F.3d 1078, 1082 (9th Cir. 2008) (citation omitted). As a threshold matter, a court must determine "whether the chosen state has a substantial relationship to the parties or their transaction, or . . . whether there is any other reasonable basis for the parties' choice of law." *Nedlloyd*, 834 P.2d at 1152 (citing Rest., § 187(2)). The district court properly found that because Affinity is incorporated in Georgia and has its principal office in Georgia, the chosen state (Georgia) has a substantial relationship to the parties. *See ABF Capital Corp.*, 414 F.3d at 1065 ("A substantial rela-

tionship exists where one of the parties is domiciled or incorporated in the chosen state."). The district court then concluded that Georgia law applied.

**[2]** But the district court's inquiry should not have ended there. Two additional steps remained in California's choice of law framework. The district court should have then considered (1) whether applying Georgia's law "is contrary to a *fundamental* policy of California," and then (2) "whether California has a materially greater interest than [Georgia] in resolution of the issue." *Id.* at 1066 (quoting *Nedlloyd*, 834 P.2d at 1152) (emphasis in original). Here, the district court in deciding to apply Georgia law, overlooked these additional two steps of California's choice of law framework. Accordingly, we proceed to consider the two additional steps of the inquiry.

**[3]** Properly applying California's choice of law framework requires us to conclude that California law applies in determining whether the drivers are employees or independent contractors. First, Georgia law "is contrary to a *fundamental* policy of California." *Nedlloyd*, 834 P.2d at 1152 (emphasis in original). Under Georgia law, if a contract designates the relationship between the parties to be one of principal and independent contractor, this designation is presumed to be true "unless other evidence is introduced to show that the employer exercised control as to the time, manner and method of performing the work sufficient to establish an employer-employee relationship." *Fortune v. Principal Fin. Grp., Inc.*, 465 S.E.2d 698, 700 (Ga. Ct. App. 1995). On the other hand, "under California law, once a plaintiff comes forward with evidence that he provided services for an employer, the employee has established a prima facie case that the relationship was one of employer/employee." *Narayan v. EGL, Inc.*, 616 F.3d 895, 900 (9th Cir. 2010) (citing *Robinson v. George*, 16 Cal.2d 238, 243-44 (1940)). "Once the employee establishes a prima facie case, the burden shifts to the employer, which may prove, if it can, that the presumed

employee was an independent contractor." *Id.* (citation omitted). Thus, the starting point from which the drivers begin their lawsuit is vastly different depending on whether California or Geogia law applies. In essence, the drivers are at a disadvantage under Georgia law because they must overcome the presumption that they are independent contractors. By contrast, under California law, the presumption is that the drivers are employees and the burden is upon Affinity to demonstrate that the drivers are independent contractors. As such, Georgia law directly conflicts with California law.[2]

**[4]** Additionally, Georgia law directly conflicts with a fundamental California policy that seeks to protect its workers. The California Supreme Court has developed a multi-factor test for determining employment status. *S.G. Borello & Sons, Inc. v. Dep't of Indus. Rel.*, 769 P.2d 399, 404-07 (Cal. 1989). The California Supreme Court recognized that this test "must be applied with *deference to the purposes of the protective legislation*" that the worker seeks to enforce. *Id.* at 406 (emphasis added). "[T]he employee-independent contractor issue cannot be decided absent consideration of the remedial statutory purpose" behind the statute the worker seeks to

---

[2]Affinity asserts that any error in applying Georgia law was harmless because the district court applied the common law factors that California considers and concluded that Ruiz was an independent contractor. Such an assertion, however, disregards the district court's repeated references to the Georgia presumption of independent contractor status and its general reliance on Georgia law to resolve the employee-independent contractor issue. *See Ruiz*, 697 F. Supp. 2d at 1204 ("Under Georgia law, if the contract designates the relationship between the parties to be one of principal and independent contractor, this designation is presumed to be true. . . .); *Id.* at 1217 ("The court finds that the Georgia test regarding [Affinity's] control over the [drivers'] time, manner, and method of work indicates an independent contractor relationship, *especially in light of the presumption arising from the language in the [Independent Truckman's Agreement]*") (emphasis added); *Id.* at 1220 ("Under Georgia law and the language of the [Agreements], a presumption of independent contractor arises). Accordingly, applying Georgia, rather than California law, is not harmless error.

enforce. *Id.* at 405. Thus, under Georgia law, while the drivers are presumptively independent contractors, under California law, the court must consider protective legislation designed to aid employees to determine the employee-independent contractor issue. Therefore, application of Georgia law in this case would contravene the fundamental California public policy in favor of ensuring worker protections.

**[5]** Second, California also has a materially greater interest than Georgia in the outcome of this case. To determine whether California has a materially greater interest than Georgia, we must analyze the following factors: (1) the place of contracting; (2) the place of negotiation of the contract; (3) the place of performance; (4) the location of the subject matter of the contract; and, (5) the domicile, residence, nationality, place of incorporation, and place of business of the parties. *1-800-Got Junk? LLC v. Superior Court*, 116 Cal. Rptr. 3d 923, 932 n.10 (Cal. Ct. App. 2010) (citing Rest., § 188). Here, the drivers entered into the contract with Affinity in California. The drivers completed the work for Affinity in California. The subject matter of the contract deals with completing deliveries in California. Finally, the domicile of the drivers is California. The only connection with Georgia is that Georgia is where Affinity is incorporated. Accordingly, California has a materially greater interest than Georgia in determining whether the drivers are independent contractors or employees of Affinity.

**[6]** Moreover, Affinity has not produced any evidence to suggest that Georgia has a material interest in the resolution of this case. In determining which state has a materially greater interest, California courts "consider which state, in the circumstances presented, will suffer greater impairment of its policies if the other state's law is applied." *Brack v. Omni Loan Co., Ltd.*, 80 Cal. Rptr. 3d 275, 287 (Cal. Ct. App. 2008) (citation omitted). Affinity has not explained how Georgia will suffer if California law is used to determine whether the drivers are employees or independent contractors. *See Bridge*

*Fund Capital Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1004 (9th Cir. 2010).

**[7]** For these reasons, we hold that the parties' choice of Georgia law is unenforceable in California. We also hold that under California's choice of law framework, the law of California applies. Accordingly, on remand the district court shall apply California law to determine whether the drivers are employees or independent contractors.

This panel retains jurisdiction over any future appeals.

**VACATED and REMANDED.**