**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

AUG 01 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DAVID J. SHOEMAKER, | No. 11-15371 |
| Plaintiff - Appellant, | D.C. No. 2:10-cv-0125-KJM-KJN |
| v. | MEMORANDUM* |
| COUNTY OF GLENN; GLENN COUNTY BOARD OF SUPERVISORS, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
John A. Mendez, District Judge, Presiding

Argued and Submitted July 20, 2012
San Francisco, California

Before:     TASHIMA, CLIFTON, and MURGUIA, Circuit Judges.

Plaintiff David J. Shoemaker appeals the district court's decision dismissing

his action with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).  Shoemaker sued

Glenn County and its Board of Supervisors (the "Board") under 42 U.S.C. § 1983,

alleging deprivation of his constitutionally-protected property interest in continued

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

employment as County Administrative Officer. Shoemaker additionally alleged that his termination without cause constituted a breach of his employment contract under California law. The district court determined that Shoemaker's contract unambiguously created an at-will employment relationship which, under California law, was terminable without cause. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo the district court's decision to grant a motion to dismiss under Rule 12(b)(6). *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030 (9th Cir. 2008). "We accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party," but "we need not accept as true conclusory allegations that are contradicted by documents referred to in the complaint." *Id.* at 1031. "Dismissal of a case without leave to amend is improper unless it is clear, upon de novo review, that the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (internal quotation marks omitted). On issues requiring the application of California law, we must apply the law as we believe the California Supreme Court would apply it. *Gravquick A/S v. Trimble Navigation Int'l,* 323 F.3d 1219, 1222 (9th Cir. 2003). Because the parties are

2

familiar with the facts of this case, we repeat them here only to the extent necessary to resolve the issues raised on appeal.

1.      The language of Shoemaker's employment contract explicitly and unambiguously stated that he served "at the will of the Board" and could be terminated without cause with 120 days' notice.  The parties expressly contracted for an at-will relationship and, as a result, the default rule laid out in Cal. Labor Code § 2924 regarding employment contracts for a specified term did not apply to the agreement.  *See Guz v. Bechtel Nat'l Inc.*, 8 P.3d 1089, 1101 (Cal. 2000).  Shoemaker's argument that there was an implied contractual term restricting the Board's termination rights fails, because express contractual terms control over implied contractual terms when the two are in conflict.  *Metoyer v. Chassman*, 504 F.3d 919, 936-37 (9th Cir. 2007).  Here, the contract expressly provides that Shoemaker "serves at the will of the Board"; therefore, any implied provision to the contrary is nugatory.  Because the Board was entitled to terminate Shoemaker at any time without cause, and the notice required by the contract was given, the Board did not breach the employment contract.

2.      Moreover, because Shoemaker had no entitlement to continued employment under state law, his termination was not a deprivation of a

3

constitutionally-protected property interest. *See Bd. of Regents v. Roth*, 408 U.S. 564, 567-77 (1972). Thus, his claim under § 1983 fails.

3.    Shoemaker has not suggested any amendment to his complaint that would have saved his case from dismissal on these grounds. The district court, therefore did not abuse its discretion in denying Shoemaker leave to amend.

4.    Shoemaker's equitable estoppel contention was not raised before the district court. None of the exceptions to the rule of waiver applies in this case; therefore, the contention is waived and we decline to reach its merits. *See Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012).

**AFFIRMED.**