**NOT FOR PUBLICATION**

MAR 28 2016

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 14-50422 |
| Plaintiff - Appellee, | D.C. No. 3:14-cr-00081-CAB-1 |
| v. | |
| EDWIN RUBEN LOPES-ORELLANA, Oriana Elquin, AKA Ewin Ruben Lopes-Orellana, AKA Erwin Lopez, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Cathy Ann Bencivengo, District Judge, Presiding

Argued and Submitted December 7, 2015
Pasadena, California

Before: REINHARDT, NOONAN, and NGUYEN, Circuit Judges.

Edwin Ruben Lopes-Orellana ("Lopes") appeals his conviction for unlawful

reentry under 8 U.S.C. § 1326(a).  We affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

**1.** Lopes first argues that the district court erred in denying his motion to dismiss the indictment. He argues that the deportation orders upon which the government relied to satisfy an element of § 1326(a) are invalid because, Lopes contends, his prior conviction under Utah Criminal Code § 58-37-8(1)(a)(ii) is not an aggravated felony drug trafficking offense under 8 U.S.C. § 1101(a)(43)(B) and *Rendon v. Holder*, 764 F.3d 1077 (9th Cir. 2014). Lopes was removed administratively in 2007, 2008, 2010, and 2013. We need not consider whether the 2007, 2010, and 2013 removal orders (all of which relied on Lopes's commission of an aggravated felony) are valid, however, because the 2008 removal order (which did not rely on his commission of an aggravated felony) is valid and therefore sufficient to sustain a § 1326(a) conviction.

Lopes argues that the 2008 removal order is invalid because the immigration judge failed to inform Lopes about the possibility of voluntary departure. However, an "IJ's duty is limited to informing an alien of a reasonable possibility that the alien is eligible for relief *at the time of the hearing*." *United States v. Vidal-Mendoza*, 705 F.3d 1012, 1016 (9th Cir. 2013) (internal quotation marks

2

omitted).[1]  Under our precedent in 2008, Lopes's conviction under Utah Criminal Code § 58-37-8(1)(a)(ii) did qualify as an aggravated felony, as courts at the time were permitted to "look to the record of conviction" when confronted with a state statute that listed more controlled substances than the federal schedules.  *Ruiz-Vidal v. Gonzales*, 473 F.3d 1072, 1078 (9th Cir. 2007).  The relevant records here unambiguously establish that Lopes's conviction involved cocaine (a drug that does appear on the federal schedules).  Accordingly, in 2008, Lopes was ineligible for voluntary departure, and the IJ had no duty to inform him of that form of relief.  We therefore affirm the district court's denial of Lopes's motion to dismiss the indictment.

**2.** Lopes also argues that the government's introduction at trial of evidence of Lopes's four prior removals was substantially more prejudicial than probative under Federal Rule of Evidence 403.  Admission of evidence of "multiple" prior removals does not violate Rule 403, however, because courts often permit "the

---

[1] We recognize that the government raised this argument based on *Vidal-Mendoza* for the first time at oral argument.  Although the argument would ordinarily be waived, we may address an issue raised for the first time at oral argument "when the issue presented is purely one of law and . . . does not depend on the factual record developed below."  *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012).  Because the argument based on *Vidal-Mendoza* satisfies this exception, we exercise our discretion to reach the argument.  To do otherwise would force us to ignore binding circuit precedent that clearly controls the outcome of Lopes's motion to dismiss the indictment.

introduction of more than one predicate act to establish an element of the crime."

*United States v. Cruz-Escoto*, 476 F.3d 1081, 1088 (9th Cir. 2007); *see also United States v. Martinez-Rodriguez*, 472 F.3d 1087, 1091-92 (9th Cir. 2006).

**AFFIRMED**.