**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT



**FILED**

MAY 26 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| AMERICAN ECONOMY INSURANCE COMPANY, ET AL., <br><br> Plaintiffs-counter-claim-defendants-Appellees, <br><br> v. <br><br> HARTFORD FIRE INSURANCE COMPANY, <br><br> Defendant-cross-defendant-cross-claimant-Appellee, <br><br> v. <br><br> ASPEN WAY ENTERPRISES, INC., <br><br> Defendant-cross-claimant-Appellant, <br><br> v. <br><br> HARTFORD CASUALTY INSURANCE COMPANY, <br><br> Cross-claim-plaintiff-Appellee. | No.   16-35059 <br><br> D.C. No. 1:14-cv-00009-SPW <br><br> MEMORANDUM[*] |

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted May 16, 2017
Seattle, Washington

Before: GOULD and PAEZ, Circuit Judges, and LEMELLE,[**] Senior District Judge.

Aspen Way Enterprises, Inc. ("Aspen Way") appeals the orders of the district court granting summary judgment and recoupment of defense costs to American Economy Insurance Company, American States Insurance Company, and General Insurance Company of America (collectively "Liberty Mutual"), as well as Hartford Fire Insurance Company and Hartford Casualty Insurance Company (collectively "Hartford"). This case arises out of two actions, the *Byrd* action filed in the United States District Court for the Western District of Pennsylvania and the *Washington* action filed in Spokane County Superior Court, against Aaron's Inc. and its franchisees, including Aspen Way. The plaintiffs in the underlying actions alleged that Aaron's Inc. franchisees used spy software to track rented laptops by secretly taking photographs using the laptop webcam, capturing keystrokes, and taking screenshots.

---

[**]     The Honorable Ivan L.R. Lemelle, Senior United States District Judge for the Eastern District of Louisiana, sitting by designation.

The question here is whether Aspen Way's insurers, Liberty Mutual and Hartford, owed a duty to defend Aspen Way in those actions. Liberty Mutual's and Hartford's policies provided coverage for allegations of "bodily injury" or "personal and advertising injury," meaning an injury arising out of the oral or written publication "of material that violates a person's right of privacy." However, coverage was excluded by both insurers when the injury arose directly or indirectly out of any act or omission that allegedly violated any statute that prohibits or otherwise governs the distribution or transmission of material. The insurers agreed to defend Aspen Way in both actions pursuant to express reservations of the right to seek reimbursement for expenses incurred if it was later determined that coverage was excluded.

We have jurisdiction pursuant to 28 U.S.C. § 1291 and we affirm. We review *de novo* a district court's ruling on motions for summary judgment to "determine, viewing the evidence in the light most favorable to the nonmoving party and drawing all justifiable inferences in its favor, whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law." *Las Vegas Sands, LLC v. Nehme*, 632 F.3d 526, 532 (9th Cir. 2011) (quoting *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 773 (9th Cir. 2002)).

Liberty Mutual's coverage was triggered by the *Byrd* complaint, which alleged that information collected by the software was transmitted to third parties. However, coverage was not triggered by the *Washington* complaint, which failed to specifically allege that Aspen Way published private material. Even if coverage was triggered, the district court properly reformed the 2010 and 2011 Liberty Mutual umbrella policy exclusions to preclude coverage where only the Electronic Communications Privacy Act claim survived. *See* Mont. Code Ann. § 28-2-1611; *Steadele v. Colony Ins. Co.*, 260 P.3d 145, 149 (Mont. 2011) (noting that an ambiguity exists only "where the insurance contract, taken as a whole, is reasonably subject to two different interpretations") (emphasis added); *City of Bozeman v. AIU Ins. Co.*, 865 P.2d 268, 273 (Mont. 1993) (where defamation was the only covered claim, the jury found there was no defamation, and the parties did not appeal this ruling, the insurer "did not have a contractual obligation under the terms of its insurance policy . . . to represent [the insured] on appeal"). Aspen Way's counterclaims against Liberty Mutual were therefore properly dismissed. *See* Mont. Code Ann. § 33-18-242(5) ("An insurer may not be held liable under this section if the insurer had a reasonable basis in law or in fact for contesting the claim or the amount of the claim, whichever is in issue.").

Similarly, even though Hartford's coverage was triggered by the *Byrd* complaint, the Hartford exclusions ultimately precluded coverage. Further, Hartford did not owe a duty to defend in the *Washington* action because the alleged misconduct took place after the Hartford policies expired. Aspen Way's crossclaims against Hartford were therefore properly dismissed.

As to reimbursement, Aspen Way waived its argument that the district court should have applied Pennsylvania and Washington law because "the argument was not raised sufficiently for the trial court to rule on it." *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012) (quoting *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010)). Under Montana law, Liberty Mutual and Hartford were entitled to recoup defense costs because Aspen Way "implicitly accepted" their defenses under a reservation of rights. *See Horace Mann Ins. Co. v. Hanke*, 312 P.3d 429, 434-35 (Mont. 2013)*; Travelers Cas. & Sur. Co. v. Ribi Immunochem Research, Inc.*, 108 P.3d 469, 479-80 (Mont. 2005). Aspen Way's untimely objection to Liberty Mutual's reservation of rights three years after the defense commenced does not sufficiently distinguish this case from *Ribi* and *Horace Mann*.

**AFFIRMED**.