**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 9 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CINDY DELISLE; ROBERT DOUGHERTY, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs-Appellees,<br><br> v.<br><br>SPEEDY CASH,<br><br>    Defendant-Appellant. | No.    19-55794<br><br>D.C. No.<br>3:18-cv-02042-GPC-RBB<br><br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Submitted June 5, 2020[**]
Anchorage, Alaska

Before:  CHRISTEN, WATFORD, and BADE, Circuit Judges.

Defendant-Appellant Speedy Cash appeals the district court's order denying

its motion to compel arbitration pursuant to 9 U.S.C. § 4 and to stay proceedings

pursuant to 9 U.S.C. § 3.  We have jurisdiction under 9 U.S.C. § 16(a)(1) and 28

---

        [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

        [**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

U.S.C. § 1291. We review de novo the district court's decisions on preemption and the motion to compel arbitration, *Blair v. Rent-A-Center, Inc.*, 928 F.3d 819, 824-25 (9th Cir. 2019), as well as its choice of law analysis, *Cassirer v. Thyssen-Bornemisza Collection Found.*, 862 F.3d 951, 959 (9th Cir. 2017).

1.      Speedy Cash argues that the district court erred in refusing to enforce an arbitration provision in loan agreements that included a waiver of the borrower's right to seek public injunctive relief in all forums. The district court concluded that the Plaintiffs-Appellees requested public injunctive relief that the California Supreme Court deemed non-waivable in *McGill v. Citibank, N.A.*, 393 P.3d 85 (Cal. 2017). Pursuant to California's Unfair Competition Law ("UCL") and Consumers Legal Remedies Act ("CLRA"), Plaintiffs requested an injunction barring Speedy Cash from issuing loans greater than $2,500 with an annual percentage rate of interest ("APR") over 90% and requiring Speedy Cash to issue "corrective advertising" about prior loans. The district court held that the requested injunction would benefit the general public because it would prevent Speedy Cash from continuing to engage in unlawful conduct that threatens future harm. Based on the record and law as it stood at the time of the district court's order, we agree.

In *McGill*, the California Supreme Court held that a contractual waiver of a statutory right to seek public injunctive relief in all forums is contrary to California

2

policy and unenforceable under California Civil Code § 3513. 393 P.3d at 93-94. Public injunctive relief "has the primary purpose and effect of prohibiting unlawful acts that threaten future injury to the general public." *Id.* at 87. Speedy Cash contends that a public injunction under the UCL and CLRA is cabined to preventing deceptive advertising and marketing. But *McGill* explained that public injunctive relief under the UCL and CLRA aims to restrain any "unlawful act," e.g., an unfair, deceptive, or fraudulent business practice, "that threaten[s] future injury to the general public." *Id.* at 87, 89. If charging an APR above 90% on loans greater than $2,500 is unlawful, then enjoining Speedy Cash from issuing such loans would benefit the general public by preventing the threat of future injury. *See Blair*, 928 F.3d at 830-31 & n.3 (holding that the plaintiffs sought public injunction by seeking to enjoin the defendant from offering contracts with unlawful terms). With the facts and law before it, the district court correctly held that *McGill* voids the arbitration provision's public injunction waiver.

During this appeal, however, a California statute took effect that prohibits finance lenders from issuing loans between $2,500 and $10,000 with charges over 36% calculated as an annual simple interest rate (plus the prior month's Federal Funds Rate). *See* Cal. Fin. Code § 22304.5(a) (effective January 1, 2020). As pleaded, Plaintiffs seek to enjoin Speedy Cash from issuing loans above $10,000, but neither of the named Plaintiffs executed loans greater than $10,000, and the

3

operative complaint does not specifically allege that Speedy Cash issued or continues to issue loans greater than $10,000. Whether the injunction would prevent a threat of future harm is therefore questionable. *Cf. Kilgore v. KeyBank, Nat'l Ass'n*, 718 F.3d 1052, 1062 (9th Cir. 2013) (en banc) (concluding that "[t]he injunctive relief sought . . . for all practical purposes, relates only to past harms suffered by the members of the limited putative class" when the plaintiff alleged that the defendant no longer engaged in the unlawful conduct). Because this intervening law possibly impacts the analysis, we remand to the district court.[1] *See White Mountain Apache Tribe v. Ariz., Dep't of Game & Fish*, 649 F.2d 1274, 1285-86 (9th Cir. 1981).

2.     Although we remand for the limited purpose discussed above, we address the other issues presented in this appeal. *See United States v. Mancuso*, 718 F.3d 780, 796 (9th Cir. 2013). Speedy Cash maintains that, even if Plaintiffs seek public injunctive relief, the Federal Arbitration Act ("FAA") preempts *McGill*. But in *Blair*, this court held that "the FAA does not preempt the *McGill* rule" because it is a generally applicable defense under the FAA's savings clause, 9 U.S.C. § 2. 928 F.3d at 830-31. We are bound by *Blair*, *see United States v. Baldon*, 956 F.3d 1115,

---

[1] To be clear, we agree with the district court's analysis on this issue but remand for it to consider what effect, if any, California Financial Code § 22304.5(a) has on its analysis. If it has no such effect, then as the district court held, *McGill* voids the loan agreement's waiver clause, which, in turn, invalidates the arbitration provision in full.

1121 (9th Cir. 2020), and therefore agree with the district court on this issue.

3.      Speedy Cash also contends that the district court erred in applying California law to determine the enforceability of the arbitration provision because the loan agreement designates Kansas law as controlling.  Under California's choice of law rules, we must first determine whether the selected state "has a substantial relationship to the parties or their transaction, or . . . whether there is any other reasonable basis for the parties' choice of law." *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1323 (9th Cir. 2012) (alteration in original) (quoting *Nedlloyd Lines B.V. v. Superior Court*, 834 P.2d 1148, 1152 (Cal. 1992)).  Even if the designated state has a substantial relationship to the parties or their transaction, we may not enforce the choice of law provision if (1) the substantive law of Kansas is "contrary to a fundamental policy of California" and (2) California has a "materially greater interest" than Kansas in resolving the issue.  *Wash. Mut. Bank, FA v. Superior Court*, 15 P.3d 1071, 1079 (Cal. 2001).

Kansas has the requisite substantial relationship because Speedy Cash maintains its corporate headquarters in Kansas.  *See Peleg v. Neiman Marcus Grp., Inc.*, 140 Cal. Rptr. 3d 38, 53 (Ct. App. 2012).  We conclude, however, that Kansas law is contrary to California policy and that California holds a materially greater interest in this litigation.  The parties negotiated and executed the contracts in California, Plaintiffs reside in California, Speedy Cash has over thirty stores in

5

California, and California law invalidates contractual waivers of the right to seek public injunctive relief in all forums. *See Ruiz*, 667 F.3d at 1324 (listing factors). Accordingly, the district court correctly applied California law.

The parties shall bear their own costs on appeal.[2]

**VACATED AND REMANDED.**

---

[2] Plaintiffs request that the court take judicial notice of three documents: (1) an exhibit to the complaint in *Blair*, (2) a proof of claim filed by Speedy Cash, and (3) the American Arbitration Association's Consumer Arbitration Rules. *See* Dkt. 18. Because these documents are unnecessary to resolve this appeal, we deny the request. *See Santa Monica Food Not Bombs v. City of Santa Monica*, 450 F.3d 1022, 1025 n.2 (9th Cir. 2006).