NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 27 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 20-10283 |
| Plaintiff-Appellant, | D.C. Nos. 3:20-cr-00013-CRB-1 3:20-cr-00013-CRB |
| v. | |
| HOWARD WEISS, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted November 16, 2021
San Francisco, California

Before: PAEZ, WATFORD, and FRIEDLAND, Circuit Judges.

Howard Weiss ("Weiss") was indicted under 47 U.S.C. § 223(a)(1)(C) for

"utiliz[ing] a telecommunications device, whether or not conversation or

communication ensues, without disclosing his identity and with intent to abuse,

threaten, or harass any specific person." 47 U.S.C. § 223(a)(1)(C). The district

court dismissed the indictment, concluding that Weiss's statements did not

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

constitute true threats and were therefore protected under the First Amendment.

On appeal, the government challenges the district court's dismissal, arguing that

Weiss's October 2, 2018 message constitutes a true threat and should be presented

to a jury in the first instance. We have jurisdiction under 18 U.S.C. § 3731. We

review de novo an order dismissing an indictment on constitutional grounds.[1]

*United States v. Alderman*, 565 F.3d 641, 644 (9th Cir. 2009); *United States v.*

*Barrera-Moreno*, 951 F.2d 1089, 1091 (9th Cir. 1991). We reverse the district

court's dismissal of the indictment and remand for further proceedings.

**1.** At the outset, we reject Weiss's challenge to the sufficiency of the

indictment. Weiss contends that the indictment is insufficient because it does not

allege the objective prong of a true threat. We disagree. The indictment meets the

requirements of Federal Rule of Criminal Procedure 7. Fed. R. Crim. P. 7(c)(1). It

sets forth the essential facts of Weiss's offense conduct, and it alleges the elements

---

[1] Weiss contends that the government waived its true threat argument in the district court and that, in the absence of a showing of good cause under Rule 12, the claim is unreviewable. Fed. R. Crim. P. 12(c)(3). We disagree. We need not decide whether a plain error standard or Rule 12's good cause standard would apply if there had been a waiver, because we conclude that the true threats issue was not waived below. We have held that "an issue will generally be deemed waived on appeal if the argument was not raised sufficiently for the trial court to rule on it." *Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012) (citation omitted). Although the government did not raise its true threat argument until the hearing on Weiss's motion to dismiss, the district court heard argument on the issue at the hearing and addressed the issue in its dismissal order. This was sufficient to preserve the issue for our review. We therefore review de novo the district court's First Amendment ruling.

of a section 223(a)(1)(C) violation.  *See United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994).  The indictment adequately informs Weiss of the charges he faces. *Id.*  The indictment is therefore sufficient.

**2.**  The district court erred in dismissing the indictment.  It is "not clear" enough whether Weiss's October 2, 2018 message was a true threat to be resolvable "as a matter of law."  *Planned Parenthood of Columbia/Willamette, Inc. v. Am. Coal. of Life Activists*, 290 F.3d 1058, 1070, 1080 (9th Cir. 2002), *as amended* (July 10, 2002).  Therefore, it is "appropriate to submit the issue, in the first instance, to [a] jury."  *United States v. Hanna*, 293 F.3d 1080, 1087 (9th Cir. 2002) (citation omitted).

Because section 223(a)(1)(C) criminalizes speech, it "must be interpreted with the commands of the First Amendment clearly in mind."  *Watts v. United States*, 394 U.S. 705, 707 (1969) (per curiam).  The First Amendment, however, does not protect "true threat[s]."  *Id.* at 708 (quotation marks omitted).  True threats have both an objective and subjective element.  *See United States v. Keyser*, 704 F.3d 631, 638 (9th Cir. 2012); *United States v. Bagdasarian*, 652 F.3d 1113, 1118 (9th Cir. 2011).  To meet the objective prong, the court asks "whether a reasonable person would foresee that [his] statement would be interpreted by those to whom the maker communicates the statement as a serious expression of intent to harm or assault."  *Keyser*, 704 F.3d at 638 (citation omitted).  To meet the

subjective prong, the court asks whether the speaker "mean[t] to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual." *Bagdasarian*, 652 F.3d at 1122 (citing *Virginia v. Black*, 538 U.S. 343, 359 (2003)). If it is "not clear" whether a statement is "protected expression or [a] true threat[]," it is generally "appropriate to submit the issue, in the first instance, to [a] jury." *Hanna*, 293 F.3d at 1087 (citation omitted).

A reasonable jury could find that a "reasonable person" in Weiss's position would "foresee that [his October 2, 2018] statement would be interpreted by" the statement's recipient "as a serious expression of intent to harm or assault." *Keyser*, 704 F.3d at 638 (citation omitted). While several aspects of Weiss's message appear politically motivated and reference a third party, the "Resistance," as carrying out the threatened violence against Senator McConnell, there are several factors on which a trier of fact could rely to find that Weiss's statement was a true threat. Although Weiss "did not explicitly indicate that *he* was going to kill" Senator McConnell, *Hanna*, 293 F.3d at 1088, he associated the sender of the message with the "Resistance" through the email address he provided. Weiss's message was likely to engender a "fear of violence" by describing when and how the threat would be carried out. *Black*, 538 U.S. at 360 (citation omitted). And Weiss's message was "privately communicated" to and "personally targeted" at Senator McConnell, rather than "publicly distributed" or addressed to a broader

4

audience. *Planned Parenthood*, 290 F.3d at 1086 (observing that "a privately communicated threat is generally more likely to be taken seriously than a diffuse public one"). Weiss's message was perceived as a threat by listeners, as demonstrated by Senator McConnell's staff reporting the statement to law enforcement as a "threat[]." *See Fogel v. Collins*, 531 F.3d 824, 831 (9th Cir. 2008). Although Weiss's threatening statements in the October 2, 2018 message are conditional, we have recognized that conditional language is not "dispositive" in finding that speech is not a true threat, as "[m]ost" unprotected threats are conditional. *United States v. Sutcliffe*, 505 F.3d 944, 961 (9th Cir. 2007) (citation omitted).

In light of the above, a rational jury could find that a "reasonable person" in Weiss's position would "foresee that [his] statement would be interpreted by" the statement's recipient "as a serious expression of intent to harm or assault." *Keyser*, 704 F.3d at 638 (citation omitted).

Similarly, a reasonable jury could find that Weiss "mean[t] to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual." *Bagdasarian*, 652 F.3d at 1122 (citation omitted). While Weiss stated that he only intended to "harass" Senator McConnell, Weiss also stated that he wanted his statements to "affect" Senator McConnell. Law enforcement repeatedly warned Weiss that his messages could be viewed as

threatening but Weiss continued to send potentially threatening messages anyway. Given these facts, a reasonable jury could find that Weiss subjectively intended to communicate a true threat. Further, whether Weiss only intended to harass Senator McConnell is a factual issue that may turn on the jury's credibility findings. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). These circumstances demonstrate that a reasonable jury could find that Weiss subjectively intended to threaten Senator McConnell.

In sum, a reasonable jury could find that Weiss's October 2, 2018 message was a true threat and not entitled to First Amendment protection. Therefore, we reverse the district court's dismissal of the indictment and remand for further proceedings.

**REVERSED** and **REMANDED** for further proceedings.