NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 22 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BILLY CEPERO,

        Plaintiff - Appellant,

  v.

JAMES BONKAVICH, Officer, # 6961,

        Defendant - Appellee.

No. 24-1086

D.C. No.
2:11-cv-01421-JAD-NJK

MEMORANDUM*

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted September 18, 2025**
San Francisco, California

Before: HAMILTON, R. NELSON, and BUMATAY, Circuit Judges.***

    Billy Cepero appeals the district court's refusal to set aside its dismissal of his

claims against Defendant Mark Fowler under Federal Rule of Civil Procedure 4(m)

---

    \* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    \*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

    \*\*\* The Honorable David F. Hamilton, United States Circuit Judge for the Court of Appeals, 7th Circuit, sitting by designation.

for lack of service of process. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

Cepero, who was represented by counsel at all relevant times, twice waived the only issue on appeal. *See United States v. Depue*, 912 F.3d 1227, 1232 (9th Cir. 2019). Waiver "precludes appellate review altogether." *Id.*

A magistrate judge made a factual finding that there was insufficient evidence that Fowler authorized an attorney who represented other defendants to make an appearance on his behalf. *See Jackson v. Hayakawa*, 682 F.2d 1344, 1348 (9th Cir. 1982). So the magistrate judge allowed Cepero to effect service of process to remedy the court's lack of jurisdiction over Fowler. Cepero's counsel did not object to this factual finding and did not successfully serve Fowler. *See Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). That was waiver number one.

The district court adopted the magistrate judge's report and recommendation. Then, almost two years later, the remaining defendants (excluding Fowler), moved for summary judgment, which the district court granted to all defendants except one, Bonkavich. In the district court's order on summary judgment, the district court "order[ed] Cepero to show cause why [the court] should not dismiss all claims against Fowler . . . for failure to serve [him]." If Cepero failed to show cause, the district court warned that "his claims against Fowler . . . will be deemed abandoned and the case will proceed only against Bonkavich." Cepero did not respond to the

order to show cause and the district court dismissed Fowler. That was waiver number two.

Cepero does not show any exceptional reason to excuse not one, but two waivers. *See Ruiz v. Affinity Logistics Corp.*, 667 F.3d 1318, 1322 (9th Cir. 2012). He identifies no change in the law. *See id.* This is not a pure question of law and Cepero has not provided us with the transcript of the district court's hearing on the motion to set aside the judgment—which is the critical part of the record necessary for review. *See id.* And there is no "exceptional . . . miscarriage of justice," *id.* (quotation omitted), because the district court ensured there was no testimony at trial suggesting Bonkavich did not hit Cepero. On the latter point, there is also no reason to believe a jury would come to a different conclusion if Fowler's alleged involvement in Cepero's assault was revealed—a jury found no use of excessive force despite evidence of Cepero's injuries and use of a K9 unit.

**AFFIRMED.**